## STATE OF INDIANA, EX REL. BUCY, *v.* TROY, AUDITOR.

[No. 7,505. Filed February 23, 1912.]

1. APPEAL.—*Jurisdiction.*—*Mandamus.*—An action against a county auditor to compel him to draw a warrant in favor of the relator, is an action in mandamus; and the jurisdiction of an appeal from a judgment therein is in the Supreme Court.

From Hancock Circuit Court; *R. L. Mason,* Judge.

Action by State of Indiana, on the relation of Jasper Bucy, against Charles H. Troy, as auditor of Hancock County. From a judgment for defendant, plaintiff appeals. Transferred to Supreme Court under §1392 Burns 1908.

State, ex rel., *v.* Troy—49 Ind. App. 510.

*Jesse Sandford* and *Thomas E. Glasscock,* for appellant. *James E. McCullough* and *William C. Welborn,* for appellee.

HOTTEL, J.—This was an action to mandate Charles H. Troy, auditor of Hancock county, to draw his warrant on the treasurer of said county for $80.83, in favor of the relator, Jasper Bucy, as a refund of a portion of the amount said relator had paid into the county treasury to procure a license to retail intoxicating liquors.

An alternative writ was issued, to which an answer in three paragraphs was filed, the first of which was in general denial. On motion of appellant, the third paragraph of said answer was dismissed, and appellant then filed a reply to the second paragraph, which put the cause at issue. Upon the trial a special finding was requested, and the court, upon such finding, announced its conclusions of law in favor of appellee, to which conclusions of law the relator at the time objected and excepted. Judgment was rendered against the relator, adjudging that his application for a peremptory writ of mandate be refused and that the proceedings be dismissed at his cost.

This statement is sufficient to show that the action is one of mandate. The jurisdiction on appeal in such cases is in the Supreme Court. §1392, subd. 4, Burns 1908, Acts 1905 p. 237; *Funk* v. *State, ex rel.* (1906), 37 Ind. App. 231, transferred and decided by the Supreme Court in *Funk* v. *State, ex rel.* (1906), 166 Ind. 455.

The case is therefore transferred to the Supreme Court.