KNACK *v.* VELICK SCRAP IRON & MACHINERY CO.

1. MUNICIPAL CORPORATIONS—ORDINANCES—REGULATION OF JUNK YARDS—DETROIT CHARTER.
    The city of Detroit has power, under its charter, to regulate, by ordinance, the storage of junk.

2. SAME—REASONABLENESS OF ORDINANCE—ABUSE OF DISCRETION.
    Where there is nothing in the record to show that the common council of the city of Detroit abused its discretion in the enactment of an ordinance regulating junk yards and prohibiting their maintenance in certain districts in said city, and the ordinance is fair and reasonable upon its face, it must be *held*, to be valid and enforceable.

3. LANDLORD AND TENANT—LEASE IN VIOLATION OF CITY ORDINANCE VOID.

A lease of premises to be used as a junk yard located in a district in the city of Detroit where said yards are prohibited by city ordinance is void and unenforceable.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted June 6, 1922. (Docket No. 12.) Decided July 20, 1922. Rehearing denied November 2, 1922.

Assumpsit by Julius Knack and another against the Velick Scrap Iron & Machinery Company for rent. Judgment for defendant on a directed verdict. Plaintiffs bring error. Affirmed.

*Behr & Coolidge,* for appellants.
*Dreifuss & Dreifuss,* for appellee.

McDONALD, J. This action is in assumpsit to recover rent. On the 17th of April, 1917, the plaintiffs, being the owners of some vacant lots in the city of Detroit, leased them by written lease to defendant for a period of two years. They were to be occupied and used for a scrap iron yard. At the time the lease was made there was an ordinance of the city of Detroit in force and effect prohibiting junk yards in the district where the leased property was located. Shortly after the defendant went into possession the city began prosecution against it for a violation of this ordinance. The case was adjourned from time to time as defendant claims to give it an opportunity to vacate the premises. The suit was finally dismissed and defendant vacated in December, 1917. On the 1st of December, 1917, the defendant mailed to plaintiffs its check in payment of the rent until January, 1918, and gave notice that because of the city ordinance it was obliged to discontinue the use of the

On power of municipality to regulate traffic in rags, second-hand articles and junk, see note in 24 L. R. A. (N. S.) 1168.

On police power as exercised by municipalities over the business of pawnbrokers, junk dealers and dealers in secondhand articles, see note in 32 L. R. A. 116.

property. The suit is to recover rent for the year 1918.

In its defense to the action, the defendant insists that the lease contemplates the use of the premises contrary to the provisions of a penal ordinance of the city, and was, therefore, unenforceable and void. The plaintiffs answer that the ordinance is invalid because it is unreasonable, discriminatory and unduly oppressive. At the conclusion of the testimony both parties moved for a directed verdict. The trial court directed a verdict for defendant.

It is conceded that if the ordinance be valid the lease was void, and the plaintiffs not entitled to recover. We shall treat that as the decisive question, though some claim is made that it is not properly involved in the case before this court. It is true that the circuit judge was of the opinion that the plaintiffs were estopped from attacking the validity of the ordinance, but, in his concluding remarks to the jury, he said:

"I shall hold that this ordinance was a valid and subsisting one at the time the contract was made, and the verdict of the jury should be for the defendant, no cause of action."

The ordinance in question prohibits the use of property for junk yards in five designated districts in the city of Detroit. The leased premises lie within one of these districts.

The question as to whether the city of Detroit has power under its charter to regulate the storage of junk was settled in *Weadock* v. *Judge of Recorder's Court,* 156 Mich. 376 (16 Ann. Cas. 720, 132 Am. St. Rep. 527). It has such power. Having the power to regulate, the only question which remains to be determined is whether the regulation in this ordinance is reasonable. Of this, counsel for plaintiffs in their brief say:

"The ordinance in question, under the guise of regulating the business, prohibits its establishment and maintenance within these areas, and permits its establishment everywhere else. * * *

"To prohibit the establishment and maintenance of a business which is not *per se* a nuisance, from a district where the business is already established, and permitting its establishment everywhere else in the city is unreasonable, arbitrary and unduly oppressive."

In the absence of any information on the subject, we may assume that the city authorities had some reasonable purpose in closing certain districts to the junk business. As was said in *City of Grand Rapids* v. *Braudy*, 105 Mich. 670 (32 L. R. A. 116, 55 Am. St. Rep. 472):

"In such matters the city authorities are usually better judges than the courts. * * * Regard must be had for all the circumstances of the particular city, the objects sought to be attained, and the necessity which exists for the ordinance."—Citing 1 Dillon, Municipal Corporations, § 327.

Again, in *City of Grand Rapids* v. *Braudy, supra,* it is said:

"Courts cannot interfere with legislative discretion, and are slow to declare ordinances invalid because unreasonable, when the power to legislate upon the subject has been conferred upon the common council. The council's discretion and not the court's must control."

As no abuse of this discretion appears in the record and as the ordinance on its face seems fair and reasonable, it must be held to be valid and enforceable. This conclusion is decisive of the case. The other questions need not be considered.

Judgment is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.