RADER ET AL. V. BURTON ET AL.

[No. 29,241. Filed December 6, 1954.]

*Hamacher & Carroll,* of Crown Point, and *Paul Reed,* of Knox, for appellants.

*George E. Hershman, Robert W. Gericke* and *T. Cleve Stenhouse,* all of Crown Point, for appellees.

BOBBITT, J.—This case was originally filed in the Appellate Court. That court, in the belief that jurisdiction was in the Supreme Court pursuant to Acts 1925, ch. 201, §1, p. 487, being §4-214(4), Burns' 1946 Replacement, transferred it here.

Section 4-214, *supra,* provides:

"Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.:

. . . . .

"Fourth. Cases of mandate and prohibition and actions or proceedings in *quo warranto.*"

The action here is one for a mandatory injunction to compel appellants to remove a certain culvert which they are alleged to have installed in a certain levee in Lake County, and to compel them to restore such levy to the condition it enjoyed before the interference therewith by appellants.

Mandamus is defined as a writ issuing from a court of law directed to some inferior court, officer, board, person or corporation requiring the performance of a particular duty which results from the official station of the party to whom the writ is directed or from operation of law. 34 Am. Jur., Mandamus, §2, p. 809; 55 C. J. S., Mandamus, §1, p. 15.

Mandate is an extraordinary legal remedy, while a mandatory injunction is an equitable remedy or proceeding.

Mandate lies for redress in cases of public wrongs where there is a clear legal duty, while the function of a mandatory injunction is the enforcement of private grievances. *State ex rel.* v. *City of Indianapolis* (1919),

188 Ind. 685, 123 N. E. 405; *Paddock, Mayor* v. *State ex rel.* (1916), 185 Ind. 650, 114 N. E. 217; *Town of Windfall City* v. *State ex rel.* (1910), 174 Ind. 311, 92 N. E. 57; *State ex rel.* v. *Beck* (1911), 175 Ind. 312, 93 N. E. 664; *State ex rel.* v. *Winterrowd* (1910), 174 Ind. 592, 91 N. E. 956, 92 N. E. 650, 30 L. R. A. (N. S.) 886; *Wampler* v. *State ex rel. Alexander et al.* (1897), 148 Ind. 557, 47 N. E. 1068, 38 L. R. A. 829.

As a further distinction, mandamus or mandate compels the doing of some act originally, while a mandatory injunction usually requires the "undoing" of an act. Thus, the first proceeding is an active remedy, while the latter seeks to restore the *status quo.*

The action here is clearly an equitable proceeding. It seeks the enforcement of a private grievance and the restoration of the levy to the *status quo.* It does not fall within the class of cases such as *Funk* v. *State ex rel.* (1906), 37 Ind. App. 231, 76 N. E. 635; *Templeton* v. *Board, etc.* (1909), 44 Ind. App. 381, 89 N. E. 410, 173 Ind. 226, 89 N. E. 880; *State ex rel.* v. *Troy* (1912), 49 Ind. App. 510, 97 N. E. 552; all of which sought the performance of a specific duty which resulted from the official status of the party to whom the writ was directed. This case falls clearly within such as *Bissell Chilled Plow Works* v. *South Bend Mfg. Co.* (1917), 64 Ind. App. 1, 111 N. E. 932; *Schwartz* v. *Holycross* (1925), 83 Ind. App. 658, 149 N. E. 699; *Sorrentino* v. *Cunningham* (1942), 111 Ind. App. 212, 39 N. E. 2d 473, which were proceedings in equity seeking the redress of a private grievance.

That the Appellate Court had jurisdiction of the latter class of cases cannot be successfully questioned. For the reasons above state, we believe the jurisdiction of this case is in the Appellate Court.

Case transferred to the Appellate Court.

Gilkison, C. J., Draper, Emmert and Flanagan, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 856.