Woodruff & Son, partnership consisting of L. J. Woodruff and P. V. Woodruff, plaintiffs, v. Albert L. Rhoton et al., defendants.

Chris Thompson et al., cross-petition appellants, v. Albert L. Rhoton et al., cross-petition appellees.

No. 49768.

(Reported in 101 N.W.2d 720)

MARCH 8, 1960.

Smiths & Dickey, of Keokuk, for cross-petition appellants.

Charles P. Beard, of Keokuk, for cross-petition appellees.

LARSON, C.J.—The sole issue raised in this appeal is the sufficiency of the demand notice served upon the cross-petitioners by the defendant owners, Albert L. Rhoton and Hazel V. Rhoton, measured by the requirements of section 572.28, Code of Iowa.

At the request of the appellants under rule 105, R. C. P., the trial court held the notices did constitute a sufficient and proper demand under the statute, and that the appellants forfeited their liens by their failure to commence foreclosure actions within thirty days after written demands were served upon them. We agree with the trial court.

Section 572.28, Code of 1954, provided: "Upon the written demand of the owner, his agent, or contractor, served on the lienholder requiring him to commence action to enforce his lien, such action shall be commenced within thirty days thereafter, or the lien and all benefits derived therefrom shall be forfeited."

This section has appeared in substantially the same language as a part of the chapter relating to mechanics' liens since the Code of 1897. It is in the nature of a statute of limitations. To retain the rights and benefits given them by this chapter, lienholders are required in section 572.28 to seek foreclosure of their liens within thirty days after the owners' written demand that they do so.

The appellants Chris Thompson, C. S. Abell and Clyde E. Teller, at the request of the general contractor, C. W. Waples, had furnished labor and material for the construction of a residence on the property owned by appellees. Payment being in default, they filed their properly verified claims with the clerk of the district court as provided in chapter 572 of the Code. Their liens were thus perfected, subject to the conditions provided in section 572.27, entitled "Limitation on action", and section 572.28.

On the eighth day of February, 1956, the following notice was served upon Chris Thompson by the Sheriff of Lee County, Iowa:

"DEMAND TO CHRIS THOMPSON: Demand is hereby made upon you to commence action to enforce the mechanic's lien filed by you on the 7th day of November, 1955, in the sum of $1,315.00, upon the following described real estate, to-wit: Lot seven (7) Block Ten (10) in Replat of Wolcott's Bluff Addition to the City of Keokuk, Lee County, Iowa, said real estate being owned by the undersigned. Dated at Keokuk, Iowa, this 7th day of February, 1956. Albert L. Rhoton, Hazel V. Rhoton, Owners. By E. J. McManus, Their Attorney."

The other notices to Abell and Teller were similar in form, except that in the Thompson notice the name E. J. McManus was typed in, and in the others it appeared "sgd. E. J. Mc-Manus."

A notice required by law must contain information which in the wisdom of the legislature is necessary to fully advise the other party of the action necessary or of the claim advanced. However, the issue here is whether this nonjurisdictional notice is void for failure to comply with the specific requirements of the statute. It is not what we think the legislature should have required, but what it did require.

I. Appellants' first proposition is that the demand notice is defective in that (1) it did not state the time within which appellants must commence their actions, and (2) it did not state that unless they did so their liens would be forfeited. The contention is without merit. The statute itself does not require that such information be set forth in the notice. It requires only that the demand be in writing, that it require the lienholder to commence action to enforce his lien, that it be made by the owner or his agent or contractor, and that it be served on the lienholder. The statute then provides that unless an action to foreclose shall thereafter be commenced within thirty days, the lien and all benefits that might be derived from it shall be forfeited. These notices, in addition to complying with the specific statutory requirements above set out, identified the lien as well as the property involved. That was sufficient.

Having filed their liens under chapter 572 of the Code, the appellants could scarcely contend they were unfamiliar with the provisions of the mechanic's lien law under which

they claimed benefits. In any event it has been aptly stated that the enactments of the legislature are notification to all concerned as to what they contain. They are themselves notices of their terms to all affected. This is especially true as to clearly expressed provisions. Merrill on Notice, Volume 3, chapter 23, sections 1104, 1107.

It can scarcely be argued here that the words used and their meaning are ambiguous. They require the alleged lienholder to commence his action within thirty days or lose the benefits of such lien. As stated by the learned trial court, it is no less than a statute of limitations for the benefit of the owner. It was intended as a way to force the issue on the validity of claims filed, and provide a method to clear the cloud on an owner's property created by the filing of claims under this chapter.

In this connection it is interesting to note that over the many years this law has been in effect, its meaning has not been questioned, and that only one case in this jurisdiction was cited or found which deals with that statute. The Jones & Magee Lumber Co. v. Boggs, 63 Iowa 589, 591, 19 N.W. 678, does not find the law uncertain and, although the decision turns on the validity of a notice commencing the suit pursuant to the demand, it does refer to McClain's Statutes, page 602, section 13, and states that "Under this *statute*, the suit must be commenced within thirty days after the service of the requisite notice." (Emphasis supplied.) This statute, predecessor of section 572.28, then provided: "Upon the written demand of the owner, his agent or contractor, served on the person claiming the lien, requiring him to commence suit to enforce such lien, *such suit shall be commenced in thirty days thereafter.*" (Emphasis supplied.) The statute did not require that the lienholder be told in the notice of the time limit. It is not such a statute as appeared in Steele v. Murry, 80 Iowa 336, 45 N.W. 1030, cited by appellants, where the statute set out what was to be "stated" in the notice.

Where, as here, the language of the statute is plain and clear, the legislature's intention to make these provisions effective to erase the lien granted by law in case the notice is ignored cannot be questioned. Specific reference to the time of limitation or the forfeiture is not required in the "demand notice." We are

not permitted to search further for some other requirement or meaning in the language of the statute. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, and cases cited; Cowman v. Hansen, 250 Iowa 358, 362, 92 N.W.2d 682, 684, and authorities cited therein.

The general rule applicable as stated in most jurisdictions is that notices required by law given by one party to another party in order to establish rights and obligations must state with reasonable certainty the essential facts required by law. And the legislative intent must be ascertained from all the terms of the statute, related statutes, plus common sense and sound reasoning. Commissioner of Corporations and Taxation v. City of Springfield, 321 Mass. 31, 71 N.E.2d 593; Hunter v. Harlan, Ohio App., 34 N.E.2d 467; 36 Am. Jur., Mechanics' Liens, section 241, page 153; 39 Am. Jur., Notice and Notices, sections 12, 25; 66 C. J. S., Notice, sections 11, 13(b).

II. It is appellants' further contention that one acting or purporting to be the attorney for the owners is not such a party as may under the statute give the demand notice provided for in section 572.28. We cannot agree, and must hold that the term "agent" used in that section does include an attorney acting for and in behalf of his clients. The relation of attorney and client is predicated on the doctrine of agency or representation. Farnsworth v. Hazelett, 197 Iowa 1367, 199 N.W. 410, 38 A. L. R. 814. We said therein on pages 1369 and 1370 of 197 Iowa: "Historically speaking, the doctrine of representation or agency is bottomed on the fiction of identity, the unity of principal and agent. The general notion is expressed in the maxim: 'Qui facit per alium facit per se.' * * *." At any rate there is a presumption that where an attorney purports to represent his client, he does so as the agent of the employer or client. It is said in 5 Am. Jur., Attorneys at Law, section 6, page 264: "In acting for a client, the attorney occupies, in a sense, the position of agent or employee." He is bound by the same degree of reasonable care as is required of any other agent, although he is a particular type of agent. 5 Am. Jur., Attorneys at Law, sections 45, 47, pages 286, 287; 7 C. J. S., Attorney and Client, sections 66, 67, page 850. Also see Restatement of the Law of Agency, section 36, page 93.

Epperson v. Helbron, 145 Ark. 566, 225 S.W. 345, 15 A. L. R. 597, held that the notice given by an attorney is the act of the client.

We are satisfied here that by the use of the term "agent" in section 572.28, attorneys purporting to act for and in behalf of their clients are included and that on the face of the "Demand" it clearly appears E. J. McManus was purporting to act in the capacity of agent for Albert L. Rhoton and Hazel V. Rhoton, owners.

III. As we understand it, appellants are not now urging their contention that the notices were defective because they were not signed. It is conceded that if the notice be held otherwise valid, it would not, in the absence of a specific statutory requirement that it be signed, be rendered invalid by the absence of a written signature. Such was our pronouncement in Town of Grundy Center v. Marion, 231 Iowa 425, 430, 1 N.W.2d 677, and authorities cited. The rule there stated is that, while notices should be signed, the purpose of a signature is to authenticate the instrument or writing and give notice of its source. It is well settled that, unless otherwise especially provided or required, it is not necessary that the signature be placed at the foot of the instrument.

It must be concluded that section 572.28, Code of 1954, did not require a signature, that no statement of the time in which the lienholder had in which to file his action, nor as to the forfeiture provided by law upon his failure to do so, was required, and that an attorney at law comes within the term "agent" as used in said section. Appellants admit they did not commence their actions within thirty days, and thus have only themselves to blame in failing to heed the notice. While it is true that courts do not favor statutory construction that results in forfeitures, the plain provisions of the law admit of no discretion here. Furthermore, appellants were sufficiently placed on inquiry as to the rights and obligations of all parties under the mechanic's lien law, and are presumed to have acted with that knowledge.—Affirmed.

All JUSTICES concur.