PERRY COUNTY COUNCIL AND BOARD OF COUNTY COMMISSIONERS OF PERRY COUNTY, INDIANA *v.* STATE OF INDIANA, ON RELATION OF HESTER BAERTICH.

[No. 1-173A19. Filed September 19, 1973. Rehearing denied October 31, 1973. Transfer denied February 21, 1974.]

*Norman E. Hay, Birchler & Hay,* of Cannelton, *Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, for appellants.

*Gary E. Becker, Zoercher, Becker & Huber,* of Tell City, for appellee.

LOWDERMILK, J.—Plaintiff-appellee brought her action in mandate against defendants-appellants, Board of County Com-

missioners and County Council of Perry County, Indiana, to mandate said defendants-appellants to appropriate and pay out of public moneys the salary of plaintiff-appellee as public health nurse of Perry County, Indiana, which salary had been duly set by the Perry County Board of Health.

Said Board of Health fixed plaintiff-appellee's compensation for the year of 1971 at Six Thousand Dollars ($6,000.00) and the same amount for the year of 1972.

Afterward, in the respective calendar years of 1971 and 1972 the Perry County Council met in regular session and allowed and appropriated Five Thousand Five Hundred Dollars ($5,500.00) each year for plaintiff's compensation.

Plaintiff-appellee asked for relief as follows: that an order and mandate issue against the defendant Perry County Council to allow and appropriate the sum of One Thousand Dollars ($1,000.00) and they be further mandated to allow and appropriate Fifteen Hundred Dollars ($1,500.00) for plaintiff's legal services, and that the Auditor of Perry County be ordered to pay out the damages as prayed for according to law.

The cause was heard by the court without a jury, which handed down special findings of fact and conclusions of law thereon, finding, among other things, that plaintiff-appellee had met all conditions precedent for approval of appropriation of the full amount of compensation fixed by the Board of Health for the years of 1971 and 1972; that plaintiff-appellee was entitled to recover all reasonable attorney fees to date of judgment and for any subsequent proceedings in the cause and that a reasonable attorney fee as of the date of the judgment was One Thousand Three Hundred Fifty Dollars ($1,-350.00). The court further found that the defendants were required to allow and appropriate the full amount of the compensation fixed by the Board of Health for the plaintiff-appellee in the years 1971 and 1972.

Defendants-appellants timely filed their motion to correct errors which was by the court overruled and this appeal was perfected.

Defendants-appellants frankly state in their brief that they are not raising a question as to the reasonableness of attorney fees allowed. The question they want this court to decide "is whether any attorney fees are allowed in a mandate action on the facts of this case." This was the only issue raised in the motion to correct errors.

The statutes which we believe are applicable to this case and are decisive are as follows:

Ind. Ann. Stat. § 3-2204 (Burns 1968 Repl.) (the mandate statute) :

"Issues—Proceedings.—Said action for mandate shall stand for issue and trial, and issues of law and fact may be joined, and amendments, continuances and appeals granted therein, as in other civil actions; and in rendering final judgments in said action, if the finding and judgments be for the plaintiff, the court shall grant and adjudge to the plaintiff such relief, and such only, as he may be entitled to under the law and facts in such actions, together with damages as in actions for false returns, and costs shall be awarded as the court may direct."

Ind. Ann. Stat. § 2-4105 (Burns 1968 Repl.) :

"Neglect to return—Liability of sheriff.—If any sheriff shall neglect or refuse to return any execution as required by law, or shall make a false return thereon, he shall be amerced in such amount as he might and should have levied by virtue of the execution."

Ind. Ann. Stat. § 2-4106 (Burns 1968 Repl.) :

"Further liability of sheriff.—In all cases specified in the last three sections, the plaintiff shall, in addition to the amercement, recover of the officer legal interest, damages not exceeding ten percent (10%) on the principal sum recovered."

Section 3-2204, *supra,* definitely restricts the courts in the relief they can grant in mandate actions and limits the same to what the injured party may be entitled to under the law and facts of such action, together with damages as in actions for false returns.

The general rule in Indiana is that attorney fees are not recoverable as damages in the absence of a statute or a contract stipulating the recovery of the same. 9 I. L. E., *Damages,* § 48.

In *Gavin* v. *Miller, et al.* (1944), 222 Ind. 459, 54 N.E.2d 277, the court said:

". . . The right to recover attorneys' fees from one's opponent does not exist in the absence of a statute or some agreement, though a court of equity may, under some circumstances, allow attorneys' fees to be paid out of a fund brought under its control. . . ."

It must be remembered that this action is in mandate, which is an extraordinary legal remedy and the equity provision, as established in *Gavin* v. *Miller, supra,* is not applicable. 19 I. L. E. 153, *Mandate and Prohibition,* § 1; *Rader et al.* v. *Burton, et al.* (1954), 234 Ind. 299, 122 N.E.2d 856.

Attorney fees, to be recoverable, would necessarily be a part of the damages in a mandate action and such damages are recoverable only as in actions for false returns. Burns § 3-2204, *supra.* Actions for false returns are covered under Burns §§ 2-4105, 2-4106, *supra.* However, damages under these statutes are limited to the amount that the injured party might or should have levied by virtue of an execution by the sheriff and in some cases damages not exceeding ten percent of the principal sum recovered, plus interest.

We have reviewed all the cases cited, the American Law Reports that were cited and have made extensive research on

our own and are unable to determine any exception to the statutes whereby the court can legally award attorney fees in this case, although we do feel that if the case had been in equity the attorney fees would have been proper.

Appellee has cited authority, including statutes and case law from other jurisdictions (Kansas and Montana) which allow attorney fees in actions of this type. However, their statutes are dissimilar and distinguishable from the Indiana statutes.

It is our opinion that attorney fees are not allowable as damages in mandate actions under the statutes applicable in this cause.

For the reasons above stated this cause is reversed and remanded to the trial court and the trial court is directed to enter a new judgment as provided under the statutes herein enumerated and in conformity with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 219.