LAFAYETTE TENNIS CLUB, INC.; Sidney L. Berger; Harriett Berger; and Sandor Lippai, Appellants (Cross-Defendants Below),

v.

C. W. ELLISON BUILDERS, INC., Appellee (Cross-Claimant Below).

No. 3–178A11.

Court of Appeals of Indiana, Third District.

July 14, 1980.

William K. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, for appellants.

Thomas M. Shoaff, Shoaff, Keegan, Baird & Simon, Fort Wayne, for appellee.

GARRARD, Presiding Judge.

In 1973 Sidney L. Berger, Harriett Berger and Sandor Lippai began plans for the construction of an indoor tennis facility to be located on real estate which they owned in the City of Lafayette. On April 7, 1973, a proposal was submitted by C. W. Ellison Builders, Inc. (Ellison) to provide materials, labor and equipment for the general construction of the facility. This proposal included site work, concrete, building systems, the storm drain system, masonry, and miscellaneous work for a total price of $103,000. Work was to commence within one week and be substantially completed within 112 days. Ellison also made additional proposals for other segments of the work which were accepted by the owners subsequent to the commencement of construction.

Plans for the building and a survey of the property were completed by the owners at the beginning of April and Ellison began construction on April 11, 1973. The erection of the steel building was sublet by Ellison to A & B Construction, Inc. Numerous problems developed which resulted in substantial delays in the construction. The responsibility for these delays and the additional proposals by Ellison form the basis of the dispute on appeal.

Ellison contends that its work was substantially completed on September 11, 1973, and it filed a notice of mechanic's lien on September 12, 1973 in the amount of $80,-000. The notice was properly filed, served and recorded. On October 19, 1973, A & B Construction, Inc. filed a notice of mechanic's lien in the amount of $10,954.90. This notice was also properly filed, served and recorded. On November 19, 1973 Sidney Berger, as President of the Lafayette Tennis Club, sent a letter to Mr. Ellison which stated:

"In spite of repeated efforts on our part to obtain an itemized statement from you for the work, including extras which you claim to have been done by you on our property, we seem to be unable to get one.

Please file suit on your Mechanic's Lien which you filed in order that the matter may be brought to a head."

Mr. Ellison failed to respond to this letter and did not file suit.

Litigation was initiated on July 18, 1974 by A & B Construction, Inc. to recover $11,202 from C. W. Ellison Builders, Inc. and to foreclose its mechanic's lien against the real estate. Named as defendants in the suit were C. W. Ellison Builders, Inc., Lafayette Tennis Club, Sidney L. Berger, Harriett Berger, Sandor Lippai, Carolyn Lippai, Indiana National Bank and Indiana Mortgage Corporation, John Howe, Kemple Construction Company, and Berger Steel Company, Inc. Subcontractors John Howe and Kemple Construction Company disclaimed any interest in the real estate because they had received payment from the owners. After a motion to default, C. W. Ellison Builders, Inc. filed an answer to plaintiff's complaint and a counter-claim against A & B Construction, Inc. The remaining defendants filed a joint answer in which Carolyn Lippai, Indiana Mortgage Corporation and Berger Steel Company, Inc. disclaimed all interests. Ellison also filed a cross-claim seeking judgment against the defendants, Sidney L. Berger, Harriett Berger, Sandor Lippai, Carolyn Lippai and Berger Steel Company, Inc. and requesting foreclosure of its mechanic's lien. Subsequently, the cross-claim was amended to provide greater detail and statistics. An answer was properly filed by the cross-defendants which alleged, in Legal Paragraph II, that Ellison's mechanic's lien was filed on September 13, 1973; that the owners gave Ellison notice to sue on November 19, 1973; that no suit was brought on the mechanic's lien until the original cross-claim was filed on June 14, 1974; and that by virtue thereof, Ellison lost its right to claim or foreclose its mechanic's lien by failing to file suit within 30 days after notice.

Ellison then filed a motion to strike Legal Paragraph II of the cross-defendants' answer. On April 29, 1975 the trial court granted this motion. Trial was held and on September 10, 1975 judgment was entered. Both Ellison and the cross-defendant owners filed motions to correct errors and on January 9, 1976 the court entered a second order amending and correcting the first order. C. W. Ellison Builders, Inc. was granted judgment entitling it to foreclose its mechanic's lien against the real estate in the amount of $75,203.19. A & B Construction, Inc. was granted a judgment against Ellison in the amount of $13,224 plus interest and a foreclosure sale was ordered.

Four motions to correct errors were subsequently filed and a special judge was appointed. On October 20, 1977 the special judge overruled all pending motions to correct errors. This appeal was brought by the cross-defendant owners, Lafayette Tennis Club, Inc., Sidney L. Berger, Harriett Berger and Sandor Lippai (Tennis Club).

The first issue presented for review is whether the trial court erred in striking Legal Paragraph II from the cross-defendants' answer to Ellison's amended cross-claim, which asserted that Ellison had lost its right to assert and foreclose its mechanic's lien by failing to file suit within 30 days after receiving notice to sue.

Tennis Club contends that the letter from Sidney Berger on November 19, 1973, *ante*, constituted notice to commence suit under the statute hereinafter set forth. The trial court held otherwise, and we agree.

The Indiana decisions have established twin principles applicable to the construction of mechanic's lien laws. Provisions relating to the creation, existence or persons entitled to claim a lien are to be strictly construed since the lien rights created are in derogation of the common law. Provisions relating to enforcement of the lien, once it has attached, should be liberally construed to effect the remedial purposes of the statute. *See 19 I.L.E. Mechanics Liens § 4 and cases cited therein.*

We are thus asked to construe the provision of the statute that furnishes the landowner with a means for securing prompt determination of lien interests. IC 32–8–3–10 provides:

"The owner of property upon which a mechanic's lien has been taken, or any person or corporation having an interest therein, including mortgagees and lienholders, may notify, in writing, the owner or holder of the lien to commence suit

thereon and if he fails to commence such suit within thirty (30) days after receiving such notice, the lien shall be null and void, but nothing contained herein shall prevent the claim from being collected as other claims are collected by law.

Any person who has given such notice by registered or certified mail to the holder of the lien at the address given in the notice of lien recorded may file an affidavit of service of said notice to commence suit with the recorder of the county in which said real estate is situated, which affidavit shall state the facts of said notice and that more than thirty (30) days have passed and no suit for foreclosure of said lien is pending and no unsatisfied judgment has been rendered on said lien; and it shall be the duty of the recorder to record said affidavit in the miscellaneous record book of his office and to certify on the face of the record of any such lien that the same is fully released and the real estate described in said lien shall thereupon be released from the lien thereof."

The purpose of this section is to provide a party with an interest in the real estate a method of bringing matters to a head and clearing title or determining the extent of a claimant's lien rights without having to await the pleasure or endure the harassment of a lien claimant who otherwise may take a full year or longer to commence an action.[1] Also by shifting the burden of commencing suit to the claimant, it provides an inexpensive means of clearing title where a claimant is merely disgruntled over past transactions but has no real desire to litigate.

In the present case, of course, no affidavit as referred to in the second paragraph of IC 32–8–3–10 was filed with the recorder, nor does it appear that the purported notice was sent to the claimant by registered or certified mail. (The "formality" of using certified or registered mail might,

itself, be deemed some indication to a reasonably prudent person that the contained communication imparted some official or legally significant information.)

Here the letter from the owners, after referring to repeated efforts to secure an itemized statement, simply concluded, "Please file suit on your Mechanic's Lien which you filed in order that the matter may be brought to a head."

Of course, we must acknowledge the rubric that all are presumed to know the law. Nor do we miss the element of retribution inherent in the observation that it was the claimant, after all, that invoked the law of mechanic's liens in this dispute.

Our task, however, is to construe the statute before us. There is ambiguity in the phrase ". . . may notify, in writing, the owner or holder of the lien to commence suit thereon and if he fails to commence such suit within thirty [30] days . . . ." Reasonable minds might differ as to whether the form employed required or did not require the notification that failure to commence suit within thirty days would result in forfeiture of the lien.

We should construe the statute, if possible, to effect the intent of the legislature. In terms of the purposes already identified, that is done whether we hold the notice must contain some alert to the consequences of noncompliance or not.

On the other hand, the remedial purpose of the statute which dictates a liberal construction concerning enforcement of a lien properly acquired would dictate that IC 32–8–3–10 should not be treated as intended to create a trap for the unwary. So do the principles of basic fairness.

Furthermore, the policy of the law generally discourages litigation. We do not advance that policy or the negotiation and settlement of disputes by the construction favored by the Tennis Club. In effect, it

---

1. IC 32 8 -3 6 provides that a mechanic's lien may be enforced by commencing suit within one (1) year from the time the notice was received for recording, or if a credit was given within the year, then within one (1) year of the credit. The legislature carefully prescribed the requirements concerning such a "credit" to ensure that it did not extend lien rights against an owner who was unaware of the legal significance of his actions.

urges that a disputant must sue now or suffer the consequences even though the parties' differences may be subject to settlement.

■ Accordingly, we hold the letter of November 19, 1973 insufficient to constitute the notice required by IC 32–8–3–10 and find the trial court properly precluded that defense.

It therefore also follows that the court did not err in making an award of attorney fees since such an award is authorized in a mechanic's lien foreclosure. IC 32–8–3–14.

■ The remaining issues [2] attack the sufficiency of the evidence to sustain the court's findings as to various items of damage or credit. In these respects the decision of the trial court will not be disturbed absent a showing that the judgment is clearly erroneous. Indiana Rules of Procedure, Trial Rule 52(A); *Hurt v. Polak* (1979), Ind.App., 397 N.E.2d 1051. It would unduly burden this opinion to separately review the twenty specifications urged by Tennis Club and their relation to the transcript, which is in excess of fourteen hundred pages. We have reviewed these matters and have concluded that the recovery awarded to Ellison is not clearly erroneous. The evidence favoring the judgment and the reasonable inferences that might have been drawn therefrom concerning the written contract and additional agreements for extras do not lead us to the clear conviction that the court erred.

However, the award to A & B Construction, Inc., subcontractor of Ellison, should be allowed as a credit or set-off for the owners against the award to Ellison because the work performed by A & B was included in the contract between the owners and Ellison. To that extent we modify the judgment pursuant to Appellate Rule 15(N).

As modified, the judgment is affirmed.

2. Appellants' brief also questions the events which led to the special judge, who was appointed pursuant to TR 53.1(B), ruling upon the final motions to correct errors without the benefit of a transcript of the evidence. *See Lies v. Ortho Pharmaceutical Corp.* (Ind.1972), 284

STATON, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

The primary issue presented by this appeal is whether or not the notice described in IC 1971, 32–8–3–10 must include a statement that the lien shall be null and void if suit is not commenced within thirty days after receiving such notice. In the case before us, the trial court ruled that the owner's notice was insufficient to void the mechanic's lien and stated:

". . . I.C. 32–8–3–10 (Burns 43–710) is a provision, under the Lien Statutes of the State of Indiana, providing for a shortened statute of limitations, at the option of the owner of property upon which a Mechanic's Lien has been taken.

"The Court FINDS that Statutory Liens are to be strictly construed. In order to comply with Lien Statutes, their exact provision must be followed. I.C. 32–8–3–10 provides that the owner, or a person having interest in the property in which the Mechanic's Lien has been taken, must in the conjunctive notify the holder of the Lien to commence suit thereon, and if he fails to commence suit within 30 days after receiving such notice, the Lien shall be null and void.

"It has been argued that the owner of property is not required to state the law, as to the statutory period in which the lien holder must act, that everyone is presumed to know the law. The Court notices that the Indiana Rules of Trial Procedure T.R. 4(C)(5) require that a summons state the time within which the person being served is to respond, and a statement that, in case of his failure to do so, Judgment by default may be rendered against him. Thus, it appears to this

N.E.2d 792, partially vacated 259 Ind. 192, 286 N.E.2d 170. However, appellants concede, and we find, that this action did not prejudice their rights to appellate review since all the matters in question were fully available for argument and review on appeal.

Court that a summons would be defective if it failed to state the time to respond and the statement of the possible consequences of a failure to respond.

"The Court FINDS that I.C. 32–8–10 [sic], in the first paragraph thereof, is *a provision in the nature of a summons and the requirements thereof must be literally complied with.*

"The Court FINDS that the letter of November 19, 1975 [sic] to C. W. Ellison Builders, Inc. from Lafayette Tennis Club, Sidney Berger, President, is not a notice in compliance with said Indiana Code provision, for the reason that it fails to set forth said Indiana Code's requirements of a statement of 30 days, in which to file suit and a statement of the consequences of failure to file suit.

"WHEREFORE, the Court GRANTS said Motion to Strike Paragraph II of said Cross-Defendants' Answer to Amended Cross-Claim of C. W. Ellison Builders, Inc. And now the Court ORDERS Paragraph II, of the Answer of Lafayette Tennis Club, Sidney L. Berger, Harriet [sic] Berger, Sandor Lippai, Carolyn Lippai, Indiana National Bank and Indiana Mortgage Corporation to the Amended Cross-Claim of C. W. Ellison Builders, Inc., be and hereby is stricken." [Emphasis added]

The trial court has determined that IC 1971, 32–8–3–10 is "in the nature of a summons" and, therefore, it is necessary to review Ind.Rules of Procedure, Trial Rule 4, which governs the form of a summons. That rule very specifically sets forth the exact requirements of a summons and must be strictly followed to properly commence litigation. The statute which is being reviewed here is readily distinguishable. The notice described in IC 1971, 32–8–3–10 does not serve to commence litigation, but merely informs the lienholder that he should file suit. The language of the statute does not clearly inform the owner of the property of the requirements which must be set forth in the notice. Because the statute is ambiguous, rules of statutory construction must be employed.

This approach requires that effect must be given to the intention of the Legislature which enacted the law. *County Council, etc. v. Dept. of Pub. Wel., etc.* (1980), Ind. App., 400 N.E.2d 1187. A statute must be applied in accordance with its plain meaning and a construction cannot be applied which violates the clear and express meaning of the statute. *Gonser v. Bd. of Com'rs for Owen Cty.* (1978), Ind.App., 378 N.E.2d 425. In reviewing the mechanic's lien statutes, the Supreme Court has recently held that these statutes should be fairly construed with a view toward carrying out their purpose. *Mid America Homes, Inc. v. Horn* (1979), Ind., 396 N.E.2d 879.

The purpose of this statute is to provide a means by which owners of property may clear title to their land. Notice by the owners to commence suit effectively shortens the period of time (from one year to thirty days) in which suit may be brought. Thus, a property owner is not required to endure the passage of a full year before clear title to his property can be obtained. With this purpose underlying the actions of the Legislature, the statute must be construed to preserve the rights of property owners.

For further clarification of the notice requirements of IC 1971, 32–8–3–10, it is helpful to consider another provision of the mechanic's lien statute, IC 1971, 32–8–3–3 (Burns Code Ed.). This provision involves the notice which is necessary for the creation of a mechanic's lien and very specifically states:

"Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty [60] days after performing such labor or furnishing such materials, or machinery, described in section 1 [32–8–3–1] of this act, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, *specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street*

*and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed. . . ."* [Emphasis added]

It is apparent that when the Legislature intends to have a notice contain certain information, it clearly sets forth that information in unambiguous language. Such is not the case in the statute before us. IC 1971, 32–8–3–10 does not clearly and specifically require certain information to be contained in the notice and, therefore, the statute must be interpreted with a view toward upholding the underlying purpose which is the protection of the rights of the property owner.

Appellee's counsel contends that his client, Mr. Ellison, is not an attorney and cannot be charged with knowledge of the intricacies of the mechanic's lien statute. Since the notice failed to state either the 30-day time limit or the consequences established by the statute, his client viewed this letter as nothing more than another piece of correspondence in the process of negotiation. The law in Indiana does not support his position. In the case of *Middleton Motors, Inc. v. Ind. Dept., etc.* (1978), Ind., 380 N.E.2d 79, at 81, Justice Givan wrote:

> "All persons are charged with the knowledge of the rights and remedies prescribed by statute."

Similarly, the case of *Searles v. Haynes* (1955), 126 Ind.App. 626, at 635, 129 N.E.2d 362, at 366, *rehearing denied* 126 Ind.App. 626, 130 N.E.2d 482 held:

> "Where a business, profession or acts have been made the subject of legislation and penalties have been fixed for failure to comply with the statute, the one who asserts a right based on the business, profession or acts is by law informed that his rights depend on the compliance with the statutes." [Citation omitted]

Since the appellee is asserting a right based on a particular statute, he is, by law, charged with knowledge of the provisions of that statute.

A survey of case law in this jurisdiction does not reveal any judicial interpretation of IC 1971, 32–8–3–10. However, a similar statute has been interpreted by the Supreme Court of Iowa. Although the language of the Iowa statute differs from the language of the Indiana statute, the legislative intent is very similar. In the case of *Woodruff & Son v. Rhoton* (1960) 251 Iowa 550, 101 N.W.2d 720, at 721–723, the court stated:

> "The sole issue raised in this appeal is the sufficiency of the demand notice served upon the cross-petitioners by the defendant owners . . . .
>
> ". . . [T]he trial court held the notices did constitute a sufficient and proper demand under the statute, and that the appellants forfeited their liens by their failure to commence foreclosure actions within thirty days after written demands were served upon them. We agree with the trial court.

\* \* \* \* \* \*

> "A notice required by law must contain information which in the wisdom of the legislature is necessary to fully advise the other party of the action necessary or of the claim advanced. However, the issue here is whether this non-jurisdictional notice is void for failure to comply with the specific requirements of the statute. It is not what we think the legislature should have required, but what it did require.
>
> "I. Appellants' first proposition is that the demand notice is defective in that (1) it did not state the time within which appellants must commence their actions, and (2) it did not state that unless they did so their liens would be forfeited. The contention is without merit. The statute itself does not require that such information be set forth in the notice. . . .
>
> "Having filed their liens under Chapter 572 of the Code, I.C.A., the appellants could scarcely contend they were unfamiliar with the provisions of the mechanic's lien law under which they claimed benefits. In any event it has been aptly stated that the enactments of the legislature are notification to all concerned as to

what they contain. They are themselves notices of their terms to all affected.

.   .   .

\*   \*   \*   \*   \*   \*

"Specific reference to the time of limitation or the forfeiture is not required in the 'demand notice.' We are not permitted to search further for some other requirement or meaning in the language of the statute."

Similarly, this Court is not permitted to expand the meaning or application of the Indiana statute.

The letter to Ellison on November 19, 1973 was sufficient to fulfill the requirements of IC 1971, 32–8–3–10. Because suit was not filed on the mechanic's lien within 30 days after receipt of the notice, the lien was rendered null and void.

The second issue presented for review challenges the award of attorney's fees to Ellison which were incurred in the foreclosure of its mechanic's lien. The general rule in Indiana is that attorney's fees are not recoverable as damages in the absence of a statute or a contract stipulating the recovery of the same. *Perry Co. Council v. State ex rel. Baertich* (1973), 157 Ind.App. 586, 301 N.E.2d 219. Recovery in this case was based on IC 1971, 32–8–3–14, a provision of the mechanic's lien statute. Since the mechanic's lien is null and void, the recovery of attorney's fees is improper.

Although the majority opinion states it is concerned with principles of basic fairness (basic fairness to whom?), it is improper for this Court to usurp the responsibility of the Legislature. Our role is to interpret the statute as created by the Legislature. New requirements in a statute should not be imposed by this Court.

I respectfully dissent and would reverse and remand this case to the trial court.