**In re the MARRIAGE OF Vincent L. JONES, Appellant (Petitioner below),**

**and**

**Daytha C. Jones, Appellee (Respondent below).**

**No. 1–1278A351.**

Court of Appeals of Indiana,
First District.

May 14, 1979.

Rehearing Denied June 15, 1979.

D. Charles Gantz, Gantz & Smart, Greenwood, for appellant.

John Avery, Davis, Neel & Headlee, Indianapolis, Robert E. Lybrook, Jr., McNutt, Hurt & Blue, Martinsville, for appellee.

ROBERTSON, Judge.

Petitioner-appellant Vincent L. Jones (Vincent) appeals from a judgment in favor of respondent-appellee Daytha C. Jones (Daytha).

After a marriage of approximately 35 years, the parties to this appeal filed a joint petition for dissolution on July 22, 1974, and a property settlement agreement was thereafter executed and approved by the court. *See Ind. Code* 31–1–11.5–10. Pursuant to the agreement, Vincent agreed to pay Daytha $500 per month until her death or remarriage. After about two and one-half years of compliance, Vincent initiated the instant action by way of a motion for relief from judgment under *Ind. Rules of Procedure, Trial Rule* 60(B)(7) and (8). Upon submission to the court, the following judgment was entered:

1) That a decree of Dissolution of Marriage was entered in this cause on October 2, 1974, incorporating and merging into said Decree a "Property Settlement Agreement", providing among other particulars, periodic payments to the Petitioner/Wife;

2) That the Respondent/Husband seeks relief from said judgment, in particu-

lar, the payment of periodic payments as previously cited, pursuant to the Indiana Trial Rules of Procedure, more particularly Trial Rule 60(B)(7) and 60(B)(8), alleging that the Court's Order is no longer equitable and should not have prospective application;

3) That the evidence reveals, as does the Property Settlement Agreement, that each of the parties contemplated the possibility of the periodic payments extending for a long period of time, the agreement going so far as to provide for funding in the event of the death of Respondent/Husband;

4) That the Court, in viewing the evidence presented and the arguments of counsel, determines that there has been no showing of any grievious [sic] wrong evoked by any new or unforseen [sic] circumstances or conditions;

5) That justice does not appear to require the vacating or modifying of an agreement made by the parties, fully aware of the facts and circumstances at the time the agreement was entered into by the parties, which is the subject matter of the motion herein

\* \* \*

■ The sole issue on appeal is whether the trial court erred in the denial of Vincent's motion. Although Vincent attempts to argue that the trial court erred in accepting the settlement agreement without establishing a factual basis for maintenance justifying the payment of $500 per month, Vincent has not adequately preserved this error. It is well-settled that a TR. 60 motion is not a substitute for a direct appeal. *York v. Miller*, (1975) Ind. App., 339 N.E.2d 93; *Moe v. Koe*, (1975) Ind.App., 330 N.E.2d 761; *Sheraton Corporation of America v. Korte Paper Company, Inc.*, (1977) Ind.App., 363 N.E.2d 1263; *Toller v. Toller*, (1978) Ind.App., 375 N.E.2d 263; *Warner v. Young America Volunteer Fire Department*, (1975) 164 Ind.App. 140, 326 N.E.2d 831; *Irmiger v. Irmiger*, (1977) Ind.App., 364 N.E.2d 778. The effect of these decisions is to bar consideration of

alleged legal errors absent a finding under TR. 60(B)(2) that the error could not have been discovered with due diligence. *See Warner, supra.* And, even if it is established that the error could not have been discovered with due diligence (*see York, supra*), it must be raised within one year. TR. 60(B)(8). The reason is that the law of the case for reasons of policy must be accorded finality and hence immunity from perpetual collateral attacks. *See Sheraton Corporation of America, supra.* Moreover, TR. 60(B) is directed to relief on equitable as opposed to legal grounds, except insofar as permitted under TR. 60(B)(2). As this issue is an alleged error of law, it is barred for the reason that there is not a sufficient showing that it could not have been discovered with due diligence and it was untimely presented.

■ The only issue before us, therefore, is whether Vincent is entitled to relief under TR. 60(B)(7) or (8). Again, we must digress for the purpose of clarifying the interrelationship of these subdivisions. Vincent claims alternatively that he is entitled to relief because "it is no longer equitable that the judgment should have prospective application" TR. 60(B)(7), and that he comes within the catch-all provision of subdivision (8), *i. e.*, "any other reason justifying relief from the operation of the judgment." This court has held, however, that these subdivisions are mutually exclusive. *Public Service Commission v. Schaller*, (1973) 157 Ind.App. 125, 299 N.E.2d 625. TR. 60(B)(8) is addressed to the residual powers of a court of equity (*see Sheraton, supra*), and may only be invoked upon a showing of *exceptional circumstances justifying extraordinary relief. Warner, supra.* We agree with Judge Garrard's suggestion in *Sheraton* that subdivision (8) is not available if the grounds for relief properly belong in another of the enumerated subdivisions of 60(B). We conclude, therefore, that the only cognizable grounds for relief stated by Vincent are under TR. 60(B)(7).

■ A TR. 60(B) motion is addressed to the equitable discretion of the trial court, and the movant carries the burden of af-

firmatively establishing a right to relief. *Fitzgerald v. Brown,* (1976) Ind.App., 344 N.E.2d 309; *Toller, supra.* The exercise of such discretion is reviewable only for an abuse thereof. *Fitzgerald, supra.*

In reviewing the discretionary act of the trial court, we note that the term "discretion" implies flexibility in light of varying circumstances and the absence of a hard and fast rule or a mandatory procedure. Discretion is a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable. The exercise of judicial discretion must be examined in light of and confined to the issues of the particular case, and is reviewable only for an abuse thereof.

*State on Relation of Thrasher v. Hayes,* (1978) Ind.App., 378 N.E.2d 924, 930 (citations omitted).

An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom.

*Dunbar v. Dunbar,* (1969) 145 Ind.App. 479, 483, 251 N.E.2d 468, 471.

In order for Vincent to prevail under 60(B)(7), equitable grounds must be established by showing a material change in factual circumstances since the entry of judgment (*Sheraton, supra*), and that such a change was not reasonably foreseeable when the judgment was entered. *Schaller, supra.* We find no abuse of discretion under the circumstances of this case. The trial court could in the exercise of its discretion find that the factual circumstances alleged were readily foreseeable by Vincent and of insufficient gravity to justify relief. In the main, Vincent is alleging that his wish to retire is of such a change that equitable relief is warranted. Since at the time of the original decree Vincent was approximately 60 years of age, the prospect of retirement and the concomitant reduc-

tion in income should be deemed reasonably foreseeable. In addition, the factual change in circumstances has been that Daytha has accepted a job as a waitress (earning minimum wage) and owns a trailer in her own name worth $10,000. Also relevant is that Vincent's salary and pension have *increased* since dissolution. These facts fall short of establishing such a dramatic change to preclude the trial court from denying relief in the exercise of its discretion.

Vincent also vigorously contends that he was under the impression that payments could be subsequently modified. On this score, however, the evidence was conflicting and we cannot say the trial court abused its discretion in relying on evidence that was in contradiction to Vincent's testimony. Moreover, Vincent is essentially arguing that he is entitled to relief for mistake and, as such may only be asserted within one year of the judgment. TR. 60(B)(1), (8). Relief on grounds of mistake may not circumvent the requirement of being raised in one year by the simple expedient of characterizing the grounds for relief under a different subdivision of Tr. 60(B). *H & A, Inc. v. Gilmore,* (1977) Ind.App., 359 N.E.2d 259. *See also Lankenau v. Lankenau,* (1977) Ind.App., 365 N.E.2d 1241 (relief on grounds of mistake invokes equitable discretion of trial court).[1]

For all the foregoing reasons, therefore, the trial court is affirmed.

Affirmed.

LOWDERMILK, J., and YOUNG, J. (participating by designation), concur.

---

1. We reserve judgment on whether the type of "mistake" alleged is cognizable in the first instance.