Robert E. THRASHER and Winifred M. Thrasher, Plaintiffs-Appellants,

v.

VAN BUREN TOWNSHIP OF MONROE COUNTY, Farrell Duckworth, Trustee of Van Buren Township, and Farrell N. Duckworth, Individually, Defendants-Appellees.

No. 1–179A7.

Court of Appeals of Indiana, First District.

Sept. 18, 1979.

Patricia A. Burchfield, Bloomington, for plaintiffs-appellants.

Michael J. Spencer and Kenneth G. Todd, Spencer & Spencer, Bloomington, for defendants-appellees.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiffs Robert E. and Winifred M. Thrasher brought an action for damages against the defendants Van Buren Township of Monroe County, Farrell Duckworth as Trustee of Van Buren Township, and Farrell N. Duckworth in his individual capacity. The complaint was dismissed and the plaintiffs appeal.

We reverse and remand.

## FACTS

In August 1973, the Thrashers requested the assistance of David Hayes, who was at that time Trustee of Van Buren Township of Monroe County, in repairing or building

a partition fence along the boundary between the Thrashers' land and that of an adjoining property owner. The Thrashers had been unsuccessful in their attempt to persuade the adjoining landowner to repair or build half of the fence. Ind.Code 32–10–9–2 and 32–10–9–3 provide that in such a situation the township trustees shall build, rebuild, or repair the fence. The trustee failed to comply with his statutory duty in this regard, and the Thrashers brought an action for mandate in the Monroe Circuit Court. On March 24, 1976, the court issued a mandate, ordering Farrell N. Duckworth, the successor to Hayes as township trustee, to make the necessary repairs to the partition fence. Duckworth failed to comply with the mandate, and the Thrashers filed a motion for a rule to show cause why he should not be held in contempt of court. The Monroe Circuit Court determined that Duckworth was not in contempt, and entered certain accompanying orders, and we affirmed the judgment of the trial court. *State ex rel. Thrasher v. Hayes*, (1978) Ind. App., 378 N.E.2d 924. The Thrashers' petition for transfer of the appeal to the Supreme Court is pending.

Subsequently, the Thrashers filed suit in Monroe Superior Court against Van Buren Township and against Duckworth both as Trustee and in his individual capacity, demanding damages for loss of use of part of their farm, loss of profits and wages, and mental anguish resulting from Duckworth's failure to comply with this statutory duty and with the mandate. The Thrashers sought compensatory damages in the amount of $100,000 and punitive damages in the amount of $50,000. Upon the Thrashers' motion for change of venue, the suit was transferred to Lawrence Circuit Court.

The defendants moved to dismiss the complaint, and the Lawrence Circuit Court sustained the motion. In its amended judgment of September 19, 1978, the court gave the following reasons for its decision: "[T]he same action involve [sic] the same parties and the same issue is pending in another state court of this state and . . . this court does not have jurisdiction over the subject matter of the grant herein." The Thrashers' motion to correct errors was overruled, and they bring this appeal.

## ISSUES

This appeal presents us with the following issues:

1. Whether or not damages may be recovered for failure to comply with a a mandate.

2. Whether or not the pending appeal from the Monroe Circuit Court's finding that Duckworth was not in contempt of court and from the orders accompanying that finding constitutes the "same action" as the damage suit in the Lawrence Circuit Court.

3. Whether or not the mandate action and the subsequent contempt hearing are res judicata with respect to the damage suit.

4. Whether or not the Lawrence Circuit Court had jurisdiction over the subject matter of the Thrashers' damage suit.

## DISCUSSION AND DECISION

*Issue One*

■ We must determine at the outset whether or not any relief is available to the Thrashers where the alleged injury is the result of a failure to comply with a mandate. If not, then the dismissal of the complaint would be justified on the ground that it failed to state a claim upon which relief can be granted. Ind.Rules of Procedure, Trial Rule 12(B)(6).[1]

The awarding of damages in mandate actions has been expressly authorized by statute, Ind.Code 34–1–58–4, which provides as follows:

1. Failure to state a claim upon which relief can be granted was not one of the reasons given by the Lawrence Circuit Court for sustaining the defendants' motion to dismiss. However, the Court of Appeals must affirm a trial court's action if there is any legal ground upon the record for affirmance, even if the reason given by the trial court is erroneous. *Elmore v. City of Sullivan*, (1978) Ind.App., 380 N.E.2d 108.

"Sec. 4. Said action for mandate shall stand for issue and trial, and issues of law and fact may be joined, and amendments, continuances and appeals granted therein, as in other civil actions; and in rendering final judgments in said actions, if the finding and judgments be for the plaintiff, the court shall grant and adjudge to the plaintiff such relief, and such only, as he may be entitled to under the law and facts in such action, *together with damages as in actions for false returns*, and costs shall be awarded as the court may direct. . . . " (Our emphasis)

The Supreme Court construed the language in that code section pertaining to damages in *Indiana Alcoholic Beverage Commission v. State ex rel. Harmon*, (1978) Ind., 379 N.E.2d 140, [hereinafter cited as *Harmon*]. Justice DeBruler, writing for the court, delineated the scope of the statutory authorization of damages at page 144 of 379 N.E.2d:

" . . . [T]he Legislature intended to permit the successful plaintiff to recover damages if he is required to make proof on issues of fact in order to obtain a judgment compelling a defendant officer or body to comply with the law. We do not believe that the Legislature intended, by abolishing writs of mandate, to increase or decrease damages recoverable in mandate actions. So conceived, it is the subjection of the plaintiff to the rigors, vexation, and expense of trial on issues of fact, upon which the right to an order compelling performance depends, which is the injury for which damages have been and should remain recoverable. Accordingly, successful plaintiffs under our statute are entitled to recover damages for all injuries flowing as a natural and probable consequence of the subjection to such trials. Finally, we do agree

with the result reached in *Perry County Council v. State ex rel. Baertich*, [(1973) 157 Ind.App. 586, 301 N.E.2d 219] . ., that attorney fees are not part of these recoverable damages." (Our insertions)

We see from Justice DeBruler's opinion that the damages recoverable under IC 34-1-58-4 are limited to those attributable to "the subjection of the plaintiff to the rigors, vexation, and expense of trial on issues of fact." 379 N.E.2d at 144. Damages for loss of use of real estate, loss of profits and wages, mental anguish, etc., are not expressly authorized by IC 34-1-58-4.

■ However, our reading of IC 34-1-58-4 and of the *Harmon* opinion has led us to conclude that IC 34-1-58-4 does not purport to govern the damages sought by the Thrashers in the case at bar. It is apparent that the damages contemplated by that code section are to be awarded, if at all, within the same proceeding in which the mandate is issued. The injury of which the Thrashers complain allegedly occurred as a result of Duckworth's failure to comply with the mandate.[2] Thus, these damages could not have been recovered contemporaneously with the issuance of the mandate.

■ We can find no valid reason for denying a relator in a mandate action an opportunity to recover damages for the defendant's failure to obey the mandate, as long as such damages are sufficiently proven and are otherwise recoverable under Indiana law. A township or its trustee may be held liable in tort for losses resulting from negligence in the performance of or in the failure to perform a ministerial duty or a discretionary duty in which a private duty is owed to the plaintiff. *See Seymour National Bank v. State*, (1979) Ind.App., 384 N.E.2d 1177; *Board of Commissioners of Delaware County v. Briggs*, (1975) Ind.App., 337 N.E.2d 852; Ind.Code 34-4-16.5-1, 34-

2. It is not clear from the complaint whether or not the Thrashers are seeking damages for injuries suffered as a result of the trustee's failure to comply with his statutory duty under IC 32-10-9-2 and 32-10-9-3 prior to the issuance of the mandate on March 24, 1976. However, in their reply brief the Thrashers argue that it would have been impossible to demand damages in the mandate action because those damages did not yet exist. We conclude from this argument that the Thrashers' claim is limited to damages for injuries suffered after the mandate was issued.

4–16.5–2, and 34–4–16.5–3(6). The theory underlying the awarding "of damages in civil actions is that the injured party is entitled to compensation or indemnity for the injury or loss sustained." *Pixley v. Catey*, (1936) 102 Ind.App. 213, 214, 1 N.E.2d 658, 659. The strong public policy of allowing a party whose rights have been infringed to recover compensation from the offending party would be thwarted if damages could not be recovered for losses resulting from the failure of a township trustee to obey a mandate.

■ Although we have found that the damages sought in this case could not have been recovered at the same time the mandate was issued, we would suggest, nonetheless, that the Thrashers could have alleged those damages within the same cause in which they sought the mandate. Instead of moving for a rule to show cause why the trustee should not be held in contempt of court, the Thrashers could have moved to supplement their complaint and to amend the judgment to include a paragraph dealing with damages for injuries and losses incurred as a result of the trustee's noncompliance with the mandate. *See* Ind.Rules of Procedure, Trial Rule 15(D), Trial Rule 59(A)(7), (E)(3), and (E)(7), and Trial Rule 60(B)(2) and (B)(8); *cf. Nationwide Corporation v. Northwestern National Life Insurance Company*, (1958) 251 Minn. 255, 87 N.W.2d 671 (amendment of judgment issuing writ of mandamus permitted in order to add omitted paragraph concerning damages for injury which mandamus was issued to redress). However, because the Thrashers did not so move, we must now consider whether or not their subsequent, separate action is maintainable.

### Issue Two

■ One of the grounds stated by the Lawrence Circuit Court for dismissing the Thrashers' complaint was that the same action was pending in another state court of Indiana. The court was apparently referring to the pending petition for transfer in *State ex rel. Thrasher*, the mandate and contempt case. The court undoubtedly was basing this ground for dismissal on Ind. Rules of Procedure, Trial Rule 12(B)(8).

The Supreme Court dealt with the problem of a conflict of jurisdiction between two circuit courts in *State ex rel. International Harvester Company v. Allen Circuit Court*, (1976) 265 Ind. 175, 352 N.E.2d 487 [hereinafter cited as *International Harvester*].[3] Justice DeBruler capsulized the problem and the general rule at page 177 of 265 Ind., page 489 of 352 N.E.2d:

"  .  .  . An unseemly conflict of jurisdiction exists between two courts of coordinate jurisdiction where both exert authority over cases between the *same parties* and involving the *same subject matter and issues*.  .  .  . In such instances the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise.  .  .  ." (Citations omitted, our emphasis)

Justice DeBruler found it significant in *International Harvester* that a particular issue was "outcome determinative" in the first action filed and "potentially outcome determinative" in the second action. Furthermore, he indicated that relief from conflicts in jurisdiction could be granted where "the subject matter, parties, and remedies sought were only substantially the same." 265 Ind. at 178, 352 N.E.2d at 489.

The Thrashers argue that neither the parties nor the issues nor the relief sought in the contempt action and damage suit is identical. The defendants contend that the parties to the two actions are in reality the same. Furthermore, the defendants maintain that, although the issue of damages was not raised in the contempt proceedings, it could have been raised then; consequently, they assert, it cannot be raised now.

---

**3.** *International Harvester* did not actually involve T.R. 12(B)(8) because it was an action in the Supreme Court for an original writ of prohibition against one of the trial courts. However, we have determined that the basic problem there is the same as that addressed in T.R. 12(B)(8). *See* 1 W. Harvey, Indiana Practice § 12.8, at 106 (Supp.1979).

We find that the parties are nearly the same in both the contempt proceeding and in the action for damages. Although the mandate action, out of which the contempt action grew, was brought in the name of the State on the relation of the Thrashers, it is clear that the action was intended to benefit the Thrashers, who were the real parties in interest. *See* Ind.Rules of Procedure, Trial Rule 17(A)(2). The trustee in his official capacity is a defendant in both actions, although Duckworth in his individual capacity and the township are named defendants only in the action for damages. However, the Thrashers indicate in their amended appellants' brief that Duckworth is named in his individual capacity in the damage suit in order to recover on his official trustee's bond and to otherwise recover damages for his nonfeasance. Yet it is the same person, Duckworth, who is alleged to have caused harm to the Thrashers by violating the mandate. The Thrashers also indicate that they may attempt to prove in the damage suit that the township is independently liable. We note, however, that Ind.Rules of Procedure, Trial Rule 19(F)(1) applied to the mandate and contempt proceedings. That rule provides, in part, that "[s]uits naming a governmental representative by his official title or by his name along with his official title shall be deemed to name and include the governmental organization which he represents, . . . ." Thus, the township was already a party to the mandate and contempt proceedings.

Although the issues in the contempt action and damage suit appear different at first blush, we find that there is a significant overlap. In a civil contempt proceeding, the principal issue is whether or not the defendant is responsible for "any intentional act or omission which violates the court order . . . , even though not done with intention to defy the authority of the court." *State ex rel. McMinn v. Gentry*, (1951) 229 Ind. 615, 619, 100 N.E.2d 676, 678. The Thrashers apparently intended to base their damage suit, at least in part, on theory of negligence, for in their appellants' brief they characterize the issues in terms of a duty of care, a breach of that duty,

causation, and damages. In *State ex rel. Thrasher*, we determined that the Monroe Circuit Court could reasonably have found, based on the evidence, that Duckworth made reasonable efforts to comply with the mandate but was unable to do so, that his failure to comply was due in part to the actions of the Thrashers, and that Duckworth's failure to comply was excusable. Consequently, we affirmed the trial court's conclusion that Duckworth was not in contempt of court. Findings and a conclusion such as these are potentially outcome determinative in the damage suit, even on a theory of negligence.

Similarly, the remedies sought in the two actions seem different at first. Apparently, no damages were sought in the contempt proceedings, while they are the sole remedy sought in the instant suit. However, compensatory damages as well as coercive damages are available in a civil contempt action. *Thomas v. Woollen*, (1971) 255 Ind. 612, 266 N.E.2d 20. As a result, we do not consider the Thrashers' failure to seek damages in the contempt action to be a significant distinction between the contempt action and the damage suit.

We conclude that the subject matter, the parties, and the remedies sought in *State ex rel. Thrasher* and in the damage suit at bar are at least substantially the same and that the issue of the trustee's liability for contempt is potentially outcome determinative of the question of liability in the damage suit. Consequently, the damages sought by the Thrashers for injuries or losses incurred up to the time of the commencement of the contempt proceedings cannot be alleged in the separate damage suit. To that extent, the Lawrence Circuit Court correctly dismissed the complaint on the ground that the same action is pending in another state court of Indiana. However, the dismissal of the complaint was improper to the extent that it prevented the Thrashers from pursuing damages for the period following the commencement of the contempt proceeding in the Monroe Circuit Court, for some of the injuries and losses of which the Thrashers complain may have been incurred after that time.

*Issue Three*

The parties indicate in their briefs that they believe that the Lawrence Circuit Court may have relied upon the doctrine of res judicata in dismissing the Thrashers' complaint, and they have argued the applicability of that doctrine accordingly. The defendants had raised the question of res judicata in their motion to dismiss. We find no express statement of reliance upon res judicata by the trial court in its amended judgment of dismissal.

We are aware that we must affirm the trial court if there is any legal basis upon the record to justify its judgment. *Elmore v. City of Sullivan*, (1978) Ind.App., 380 N.E.2d 108. However, assuming, *arguendo*, that the trial court did base its dismissal of the complaint in part upon the res judicata effect of the earlier mandate and contempt proceedings, we find that the question was prematurely raised and considered.

■ Res judicata is an affirmative defense which must be asserted in a responsive pleading. Ind.Rules of Procedure, Trial Rule 8(C). However, it is not one of the defenses listed in T.R. 12(B) which may be asserted in a motion to dismiss prior to the filing of the responsive pleading. Nevertheless, res judicata may be raised in a T.R. 12(B)(6) motion if the defense appears on the face of the complaint. *Middelkamp v. Hanewich*, (1977) Ind.App., 364 N.E.2d 1024.

■ We have examined the Thrashers' complaint, and we have not found anything there which suggests that res judicata applies. The complaint refers to the mandate and to the trustee's failure to comply, but such references do not make out a defense of res judicata. We do not purport to pass on the merits of the res judicata defense. The trial court could appropriately make such a determination after the defendants have raised res judicata as an affirmative defense in their answer.

*Issue Four*

The second reason given by the Lawrence Circuit Court for dismissing the Thrashers' complaint was that it "does not have jurisdiction over the subject matter of the grant herein." It is not entirely clear what the trial court had in mind when it made that statement, but the parties have suggested a number of possible explanations.

The Thrashers believe that "the grant herein" refers to the relief which might have been granted. They suggest that the court was either referring to the question of whether or not the damages which they claim may be awarded at all or to the question of whether or not the township or the trustee is immune from such claims.

As for the first explanation, we have already dealt with that problem in our discussion of Issue One.

■ With regard to the second explanation, we know of no immunity which would preclude a judgment against the township or the trustee under the facts alleged by the Thrashers in their complaint. As we stated in our discussion of Issue One, a township and its trustee may be held liable for the failure of the trustee to perform a ministerial duty or a discretionary duty in which a private duty is owed to the plaintiff. The mandate issued by the Monroe Circuit Court was clear and authoritative; the trustee was given no discretion to determine whether or not to repair the fence. At that point Duckworth, as Trustee, had a ministerial duty to make the necessary repairs, and he could be held liable for negligent or otherwise inexcusable nonfeasance.

The defendants suggest that the Lawrence Circuit Court determined that it was without subject matter jurisdiction either because the Monroe Circuit Court had exercised jurisdiction first or because the final judgment of the Monroe Circuit Court precluded a reopening of that action. We have disposed of these potential grounds in our discussions of the first three issues.

Justice Hunter, writing for the Supreme Court, defined subject matter jurisdiction in *State ex rel. Young v. Noble Circuit Court*, (1975) 263 Ind. 353, 356–57, 332 N.E.2d 99:

"...  Subject matter jurisdiction refers only to the power of a court to hear and decide a particular class of

cases. The only relevant inquiry in determining whether any court has subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *Brown v. State*, (1941) 219 Ind. 251, 37 N.E.2d 73. This determination uniformly entails an examination of the jurisdictional grant and does not, in the ordinary case, turn upon technical intricacies of pleading." (Footnote omitted)

█ Our general jurisdictional statute for circuit courts, Ind.Code 33–4–4–3, in no way limits jurisdiction in the kind of case we have here. We have found no special jurisdictional statute precluding this action, nor can we think of any legal principle not already discussed which would deprive the Lawrence Circuit Court of subject matter jurisdiction over this claim for damages. Consequently, we conclude that the Lawrence Circuit Court erred in relying upon lack of subject matter jurisdiction in dismissing the Thrashers' complaint.

## CONCLUSION

We have concluded that a separate action will lie for damages for injuries and losses sustained as a result of Duckworth's failure to comply with the Monroe Circuit Court's mandate. Because *State ex rel. Thrasher*, currently pending on a petition for transfer to the Supreme Court, is potentially outcome determinative of the liability question, however, the Lawrence Circuit Court is justified in refusing to adjudicate the Thrashers' claims as to injuries and losses incurred prior to the commencement of the contempt action.[4] Claims related to injuries and losses incurred since that time are not within the scope of *State ex rel. Thrasher*, and they are a proper subject of an independent damage suit. We have not determined the potential res judicata effect of *State ex rel. Thrasher* upon the suit for damages because that question was prematurely raised.

Therefore, we reverse and remand with directions to the Lawrence Circuit Court to reinstate the Thrashers' complaint for damages and to proceed in accordance with this opinion.

LYBROOK and ROBERTSON, JJ., concur.

---

**4.** If the litigation in *State ex rel. Thrasher* should terminate while the case at bar is pending, the question of whether or not the defendants may be held liable for the trustee's violation of the mandate prior to the contempt action would no longer be governed by the conflicting jurisdiction rule embodied in T.R. 12(B)(8).