Duwain WILSON, Appellant
(Respondent Below),

v.

K.W., Appellee (Petitioner Below).

No. 45A04–8601–CV–23.

Court of Appeals of Indiana,
Fourth District.

Sept. 9, 1986.
Rehearing Denied Oct. 31, 1986.

Steve H. Tokarski, Visvaldis P. Kupsis, Schererville, for appellant.

Thomas W. Webber, Sr., Portage, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Duwain Wilson (Wilson) appeals the trial court's denial of his motion to set aside default judgment following a paternity suit finding him to be the father of M.W., the minor son of Plaintiff-Appellee K.W.

We affirm.

## ISSUES

Wilson attempts to raise two issues for our review. Restated, the issues are:

1. Whether K.W.'s failure to comply with the requirements of Ind. Rules of Procedure, Trial Rule 4.13 constituted a jurisdictional defect.[1]

2. Whether the trial court abused its discretion in refusing to set aside the default judgment.

## FACTS

On July 11, 1983, K.W. filed a petition to determine the paternity of her unborn child. She alleged Wilson was the father. The Sheriff's attempt to serve Wilson with summons at a Hobart address was unsuccessful.

On October 25, 1983, M.W. was born. K.W. thereafter moved the court to amend the action accordingly, and made a second attempt to serve Wilson by certified mail at the same Hobart address. This letter was returned marked "moved, left no forwarding address."

On January 27, 1984, K.W.'s attorney made a motion in open court to serve Wilson by publication. In support of this motion, her attorney stated:

1. That service was attempted on the defendant by the Sheriff of Lake County, Indiana, however, the Sheriff could not locate defendant's address, and further, service was later attempted by certified mail, and the mail was returned marked that the defendant had moved and left no forwarding address.

2. That counsel for plaintiff had notified the defendant earlier by regular mail of a hearing date, and which mail was accepted at defendant's address of 2512 W. 37th Avenue, Hobart, Indiana, and defendant did contact Attorney Richard Anderson, who notified counsel for plaintiff that defendant would not appear in Court as there had been no service on the defendant.

3. That plaintiff has had personal contact with the defendant who advised her that he intended to be unavailable for service of notice of this cause of action, and wherefore the counsel for plaintiff moves that the Court authorize service by publication.

(R. 18).

On March 12, 1984, K.W. filed an affidavit for publication of notice which stated she believed Wilson to be outside of Indiana and his exact whereabouts were unknown. Based on this information, the court ordered notice by publication.

---

1. Wilson has not preserved issue number 1 for appeal. A motion to correct errors must be filed within 60 days after entry of the judgment. Ind. Rules of Procedure, Trial Rule 59(C). Amendments thereto may be filed before the ruling. However the trial judge has no jurisdiction to accept amendments or supplements after the 60 day time limit has elapsed. *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 779-780. In this case, the trial court rendered its final judgment on September 10, 1985. On December 2, 1985, Wilson filed a Response to Petitioner's Memorandum in Opposition to Motion to Correct Errors, which raised the issue of improper compliance with Trial Rule 4.13(B)(6). This issue was therefore filed too late. Timely filing is a jurisdictional matter and is an absolute precondition to appeal. *Matter of Adoption of H.S., supra,* 483 N.E.2d at 780.

On August 31, 1984, a hearing was held. Wilson did not appear. The court proceeded in his absence. After having heard evidence, the court found Wilson to be the father and K.W. the mother of M.W. The court service had been perfected through three July publications of notice in the *Lake County Star.* The court ordered Wilson to pay $50 per week as child support, retroactive to October 25, 1983. Also, Wilson was ordered to pay all medical expenses for the care and treatment of K.W. and M.W. Finally, Wilson was ordered to pay $750 attorney fees.

By December 7, 1984, Wilson had not complied with the order. A citation was issued for Wilson to show cause why he should not be held in contempt. Following notice by publication of the contempt order, the court issued a bench warrant for Wilson's arrest. On July 16, 1985, Wilson surrendered in open court. He then filed a motion to set aside default judgment and a motion to dismiss. Additionally, Wilson filed an affidavit stating from December 1982 through March 1983, he resided in Pittsburge, Illinois, and from March 1983 to April 1983, he resided in Groverton, Indiana. He testified he had no permanent or fixed address from April 1983 to the time he surrendered in court. Wilson's pleadings alleged he had no knowledge of the pendency of the action, but his affidavit under oath, filed in support of these motions, merely stated he had no knowledge of either the default judgment or the contempt citation, but was silent as to his knowledge of the pendency of the action. Wilson claimed he had a meritorious defense, alleging he did not have sexual intercourse with K.W. during her critical conception period.

The trial court denied both of Wilson's motions. He then filed his motion to correct errors. The trial court denied the motion. Wilson appeals.

## DISCUSSION AND DECISION

### I. *Standard of Review: Appeal from Trial Court's Denial of Relief from Default Judgment*

Wilson claims the trial court erred in denying his motion to set aside default judgment. He states: (1) the notice was by publication, (2) he had no actual notice of the default judgment and the contempt citation entered against him, and (3) he has a meritorious defense to K.W.'s claim he fathered her child.

In proceedings under T.R. 60(B), the moving party bears the burden of proof. *Plough v. Farmers State Bank of Henry County* (1982), Ind.App., 437 N.E.2d 471, 475. Although default judgments are not favored, the decision to grant relief under T.R. 60(B) is left to the equitable discretion of the court. *Bays v. Bays* (1986), Ind. App., 489 N.E.2d 555, 561. This court on appeal does not reweigh the evidence and will reverse only for an abuse of discretion. *In re Marriage of Jones* (1979), 180 Ind. App. 496, 389 N.E.2d 338, 340–341. The exercise of judicial discretion must be examined in light of and confined to the issues of the particular case. *State on Relation of Thrasher v. Hayes* (1978), 177 Ind. App. 196, 378 N.E.2d 924, 930. An abuse of discretion is an erroneous conclusion in judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions flowing therefrom. *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 636.

### II. *Relief Pursuant to T.R. 60(B)(4)*

▮ Wilson claims he is entitled to relief under T.R. 60(B)(4). It states, in part,

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

.    .    .    .    .

(4) *entry of default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;* ...
(Emphasis supplied).

Under this section, Wilson must show (a) default was entered against him, (b) he was

served only by publication, and (c) he was without actual knowledge of the action and judgment, order or proceedings.

In Wilson's T.R. 60(B)(4) motion, his attorney states

3. Respondent had *no actual knowledge* of the *action,* judgment, order or subsequent proceedings. ... (emphasis supplied)

in addition to the other operative elements listed above. However, Wilson's affidavit, made under oath and thus subject to the penalties for perjury, does not support the above-quoted statement in his motion. His affidavit reads, in pertinent part:

.  .  .  .  .

6. That your affiant, as indicated by the court's records, has not been personally served a summons or notice of this lawsuit.

7. That your affiant had *no knowledge* of the *default judgment* entered by the Court on August 31, 1984, because no notice of said trial was serviced (sic) on affiant.

8. That your affiant had *no knowledge* of the *hearing on citation* held March 20, 1985 because no notice of said hearing was serviced (sic) on affiant.... (Emphasis supplied).

(R. 39).

Nowhere does Wilson's affidavit state he was without actual knowledge of the *pendency* of the paternity *action* against him. He only claims he had no notice of the default judgment and the contempt citation. Thus, there is a failure of proof as to one critical element upon which Wilson had the burden of proof, namely, he "was without actual knowledge of the action." T.R. 60(B)(4).

The trial court's denial of Wilson's T.R. 60(B)(4) motion was not an abuse of discretion.

Affirmed.

MILLER, J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Presiding Judge.

I dissent.

Wilson's Motion to Correct Errors and memorandum in support thereof, timely filed on October 25, 1985, stated that the "publication was not in accordance with Trial Rule 4.13." The trial court is charged with knowledge of Trial Rule 4.13 and its requirements. Likewise, the trial court is charged with the knowledge of its own record which, on its face, omits the required provision of Trial Rule 4.13(B)(6), namely:

(6) A clear statement that the person being sued must respond within thirty (30) days after the last notice of the action is published, and in case he fails to do so, judgment by default may be entered against him for the relief demanded in the complaint.

I would reverse and order a new trial.